UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSEPH POLYDOR, | ) | CASE NO. 4:05 CV 0641 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| T.R. SNIEZIK, WARDEN, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On February 28, 2005, <u>pro se</u> petitioner Joseph Polydor filed the above-captioned habeas corpus action against T.R. Sniezek, Warden at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), pursuant to 28 U.S.C. § 2241. Mr. Polydor, who is confined at F.C.I. Elkton, Ohio, maintains that he is in custody in violation of the Constitution because he is "actually and factually" innocent of the enhancement imposed by the district court.

*Background*

Mr. Polydor was named in a superceding indictment filed in the United States District Court for the Southern District of Florida on October 20, 2000. The indictment charged petitioner and three co-defendants with conspiracy to possess with intent to distribute 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), conspiracy to use and carry a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(o) and using and carrying a firearm in furtherance of the charges set forth in Count 1.

Each defendant pleaded not guilty and proceeded to trial on November 9, 2000. On November 29, 2000, a jury found Mr. Polydor guilty on all counts. He notes that the jury did not "pronounce a Specific Amount as to Drug Quantity." (Pet. at 5.)

A Presentence Investigation Report (PSR) prepared by the United States Probation Office attributed 32 kilograms of powder cocaine to Mr. Polydor, allegedly based on hearsay relayed to the probation officer. This information resulted in a recommended base offense level of 34 under the United States Sentencing Guidelines. Further, the probation office recommended that Mr. Polydor be assigned a Category II Criminal History, and a prison range of 10 years to life was set forth pursuant 21 U.S.C. § 841(b)(1)(A).

On February 6, 2001, the district court judge determined petitioner's base offense level at 34 and assigned a Category I, Criminal History. Under the Guidelines, his sentence range was 151 to 188 months. The court sentenced Mr. Polydor to two concurrent sentences of 151 months each for Counts 1 and 2 and a consecutive 60 month sentence for Count 3, totaling a term of 211 months in prison.

Mr. Polydor appealed his sentence to the Eleventh Circuit Court of Appeals, asserting that the evidence was insufficient to support his convictions. The appeal was denied on February 8, 2002.

Polydor v. United States, No. 01-10778 (11th Cir. Feb. 8, 2002). Some time thereafter, he filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The district court denied the motion on January 12, 2004.

*Analysis*

In his petition before this court, Mr. Polydor asserts that the district court's reliance on the PSR was erroneous to the extent that the probation officer attributed 32 kilograms of cocaine to him. He claims that when the court assigned a Category I Criminal History to him, as well as attributing the additional 32 kilograms of cocaine, in order to establish a base offense level of 34 under U.S.S.G. §2D1.1, it violated his constitutional rights. Mr. Polydor argues that he is "actually and factually innocent" of possessing the 32 kilograms of drugs that were neither identified in the indictment nor determined beyond a reasonable doubt by a jury. Although petitioner raised this identical argument in a prior federal habeas petition before this court, see Polydor v. Sniezek, No. 4:04cv1899 (Wells, J.) (N.D. Ohio filed Sep. 20, 2004), the petition was dismissed before the Supreme Court issued its opinion in United States v. Booker, 125 S. Ct. 738 (2005), on which petitioner now relies to support his claim of actual innocence.

Under Booker, Mr. Polydor maintains that the district court violated his Sixth Amendment rights when it enhanced his sentence under the Sentencing Guidelines without his admission of guilt or a jury's findings of fact. He asserts that Booker, a consolidation of United States v. Booker and United States v. Fanfan, held that the rule of Blakely v. Washington, 124 S.Ct. 2531 (2004) applied with equal force to the federal sentencing guidelines. Thus, facts neither found by a jury nor admitted by the defendant could not be used to enhance a defendant's sentence beyond the statutory maximum.

In his prayer for relief, Mr. Polydor simply states that the 32 kilograms of powder cocaine

should not have been attributed to him because this issue was not submitted to a jury. As a consequence, he declares that his base offense level should be 32, resulting in a guideline range of 121 to 151 months. Adding his consecutive 60 month sentence, petitioner maintains that his total prison term should be 181 months, instead of 211 months.

*Federal Habeas Corpus Petitions*
*28 U.S.C. §2241*

Before the court can address the merits of Mr. Polydor's petition before it, the question of whether his claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

If it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," however, § 2255 does provide a safety valve wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to § 2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions

for collateral relief. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (amending 28 U.S.C. § 2255) ("AEDPA").

Although the Sixth Circuit has not determined the exact scope of the savings clause, it appears that a prisoner must at least show factual innocence. See Charles, 180 F.3d at 757.

With regard to the present case, Mr. Polydor does assert this court's habeas corpus jurisdiction under the savings clause based on a claim of "actual innocence." He states that Booker is an "intervening change in the law" and a "new statutory interpretation" which entitles him to habeas relief pursuant § 2241. He analogizes his case to Bailey v. United States, 516 U.S. 137 (1995), wherein some prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined "use" in a restrictive manner. See 18 U.S.C. § 924(c)(1). This left prisoners, who could not establish their innocence before Bailey, barred from § 2255 relief after Bailey because successive § 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law. See 28 U.S.C. § 2255; In re Davenport, 147 F.3d 605 (7th Cir.1998); Triestman v. United States, 124 F.3d 361 (2d Cir.1997); In re Dorsainvil, 119 F.3d 245 (3d Cir.1997); see also Bousley v. United States, 523 U.S. 614, 623-24 (holding in a § 2255 case that the failure to raise a Bailey claim on direct review can be overcome by a showing of "actual innocence"). The difference, however, between Bailey and petitioner's claim as it relates to Booker is a distinct one.

Although it is true the Booker court determined that its decision in Blakely applies to the Sentencing Guidelines, Booker, 125 S.Ct. at 755-56, the Court also expressly stated that its holding applied only to pending cases on direct review. Booker, 125 S.Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively

to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).  Nothing in the Court's opinion suggested that "new rule for the conduct of criminal prosecutions" is on par with a new rule of statutory construction.

Further, it is clear that any actual innocence claim requires more than an assertion that a petitioner's sentence is invalid based on "legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24(1998); Hilliard v. United States,  157 F.3d 444, 450 (6th Cir.1998).  Here, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier,  477 U.S. 478, 496(1986).  Whether or not Mr. Polydor's sentence enhancement for possessing an additional 32 kilograms is valid under Booker is a question of legal sufficiency, not factual innocence.

Finally, the fact that Mr. Polydor is precluded from filing a second § 2255 motion to vacate, see Humphress v. United States, 398 F.3d 855-63  (6th Cir. 2005) (noting that the rule of Booker does not fall within the second exception of Teague[ v. Lane, 489 U.S. 288 (1989)]),[1]  does not render his §2255 remedy inadequate or ineffective.  See Davenport, 147 F.3d at 608( § 2255 remedy is not considered inadequate or ineffective because petitioner has been denied permission to file a second or successive motion to vacate).  Having failed to demonstrate that his remedy under §2255 is inadequate or ineffective to test the legality of his sentence, this court cannot grant petitioner habeas relief pursuant to §

---

[1] In Teague, the Supreme Court held that new constitutional rules of criminal procedure will not apply retroactively to cases on collateral review, unless: 1) the new rule places " 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;' " or 2) the new rule establishes a watershed rule of criminal procedure that "implicate[s] the fundamental fairness of the trial," without which "the likelihood of accurate conviction is seriously diminished." 489 U.S. at 310-13 (citing Mackey v. United States, 401 U.S. 667, 692-94 (1971)).

2241.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<pre>
                              s/Peter C. Economus - 5/25/05
                              PETER C. ECONOMUS
                              UNITED STATES DISTRICT JUDGE
</pre>